

**FILED**

JUN 17 2008

PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | |
|---|---|
| JEANNE KIBBEE,<br><br>      Plaintiff,<br><br>vs.<br><br>ACP SALES WEST, LLC, and PAWS UP RANCH, LLC d/b/a THE RESORT AT PAWS UP,<br><br>      Defendants. | CV 07-62-M-DWM-JCL<br><br>ORDER |

    Plaintiff Kibbee brings this action seeking to recover for what she alleges was her wrongful discharge from her employment at The Resort at Paws Up. The Defendants own and operate the resort. Kibbee advances a claim under Montana's Wrongful Discharge from Employment Act, Mont. Code Ann. §§ 39-2-901 et seq., along with state claims for violation of the covenant of good faith and fair dealing, misrepresentation, and punitive damages. The Defendants have filed a motion for summary judgment. United States Magistrate Judge Jeremiah C. Lynch issued Findings and Recommendations in this matter on May 30,

2008, in which he concludes that the Defendants are entitled to summary judgment on all claims.

The Defendants argue that Plaintiff Kibbee is precluded from recovering under the state's wrongful discharge statute because the resort made Kibbee an unconditional offer of reinstatement. Judge Lynch took note of the lack of Montana authority on the legal effect of such an offer, and reasoned that the law governing federal Title VII discrimination should apply. Under federal law, an employer's unconditional offer of reinstatement tolls the accrual of back pay liability unless the claimant can show special circumstances such that a rejection of the offer of reinstatement is reasonable under an objective standard. Ford Motor Co. v. EEOC, 458 U.S. 219, 231-32, 241 (1982). Judge Lynch noted that the Ninth Circuit applied the federal rule to a state wrongful discharge claim in Boehm v. American Broadcasting Co., 929 F.2d 482, 485 (9th Cir. 1991), and he explained that the application of federal law to Plaintiff Kibbee's claim is consistent with the state law principle that a plaintiff in a wrongful discharge case has a duty to mitigate damages. See Mont. Code Ann. § 39-2-905(1).

Judge Lynch concluded that even if Plaintiff Kibbee's factual allegations are taken as true, her wrongful discharge claim cannot survive summary judgment because she rejected the resort's unconditional offer of reinstatement with back pay and benefits. Judge Lynch found nothing in the record that would allow a reasonable trier of fact to conclude that Kibbee's

rejection of the reinstatement offer was objectively reasonable. The Magistrate recommends dismissal of the other state claims because they arise from and are related to her discharge from employment and therefore are claims for which the wrongful discharge statute provides the exclusive remedy. See Mont. Code Ann. § 39-2-913.

Plaintiff Kibbee timely objected, thereby preserving her right to de novo review of the record. 28 U.S.C. § 636(b)(1). Kibbee objects to the Magistrate's reliance on the federal law set forth in Ford, asserting that there is Montana authority directly on point. Kibbee cites Bellanger v. Am. Music Co., 2004 MT 392, ¶ 14, for the proposition that a question regarding a constructive discharge is usually a question of fact. The argument does not advance Kibbee's position because Judge Lynch assumed the truth of all of Kibbee's factual allegations in his analysis. The only matter that could possibly be left the trier of fact is the question whether Kibbee acted reasonably in rejecting the resort's offer of reinstatement. Judge Lynch explained that while in most instances it would be a question of fact, here Kibbee has not identified sufficient evidence in the record to support a finding that the rejection was objectively reasonable. Kibbee does not identify any new or different evidence in her objections.

Upon de novo review, and having considered Plaintiff Kibbee's objections, I agree with Judge Lynch's Findings and Recommendations and therefore adopt them in full.

Accordingly, IT IS HEREBY ORDERED that the Defendants' motion for summary judgment (Doc. No. 42) is GRANTED. The Clerk of Court is directed to enter judgment in favor of the Defendants and against Plaintiff Kibbee in accordance with this Order.

DATED this 17 day of June, 2008.

Donald W. Molloy, District Judge
United States District Court